IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| TYLER HARRIS and PABLO MATA, on behalf of themselves and all others similarly situated | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CASE NO. 5:20-cv-0029-KKC<br>) |
| B&L DELIVERY, LLC, and BOB MAYNARD | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY AND MODIFY ARBITRATION ORDER

The Defendants, B&L Delivery, LLC ("B&L") and Bob Maynard ("Maynard") submit the following memorandum in support of their motion to lift stay and modify arbitration order:

### I. INTRODUCTION

On January 28, 2020, the Plaintiffs, Tyler Harris ("Harris") and Pablo Mata ("Mata"), filed suit in this court, alleging violation of 29 U.S.C. § 207 of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et. seq*., and KRS § 337.060 of the Kentucky Wages and Hours Act) (DN 3). The gist of their claims is that they were not paid for all the hours they worked while employed by B&L. Defendants moved to dismiss the complaint and compel arbitration (DN 9). By agreed order dated April 12, 2020 (DN 12), this Court stayed this action pending arbitration (the "Arbitration Order").

In the arbitration, the Plaintiffs moved to conditionally certify a class action under Federal Rule of Civil Procedure 23 for the alleged Kentucky law violations and to certify a collective action of their federal wage claims. The Arbitrator granted Plaintiffs' motion by order dated April 27,

2021, a copy of which is attached as Exhibit 1. Discovery closed in the arbitration on September 30, 2022. The Plaintiffs' claims are scheduled for hearing before the arbitrator on January 30, 2023.

## II. FACTS

The facts pertinent to this motion center around the parties' arbitration agreement. The Arbitration Order "referred to alternative dispute resolution processes set forth in each Plaintiff's Acknowledgement of Handbook Receipt and Review…." (DN 12). Thus, those agreements control the scope of the arbitration.

Attached as Exhibits 2 are the agreements signed by Plaintiffs Harris and Mata. Both explicitly required arbitration but do not mention class or collective actions:

> Unless it is strictly prohibited by law, I knowingly, voluntarily and willingly agree to submit any and all employment-related claims, either asserted or unasserted, disputes and/or controversies arising out of or relating to my application or candidacy for employment, employment and/or cessation of employment with the Company to final and binding arbitration through and pursuant to the rules of the provisions of this Handbook, the American Arbitration Association, and in accordance with the Federal Arbitration Act, and waive the right to submit such claims to a court of law. By way of example only, such claims include claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the law of contract and the law of tort.

The issue is whether these agreements compel arbitration on a class and collective basis. As detailed below, because there is no express agreement to arbitrate such claims, the Plaintiffs must proceed to arbitrate on only their individual claims.

## III. ARGUMENT

### a. Defendants Did Not Consent to Arbitrate a Class Action; Therefore, the Arbitration Must Proceed on the Plaintiffs' Individual Claims.

The Federal Arbitration Act, 9 U.S.C. § 2 ("FAA"), provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Here, there is no issue about the enforceability of these agreements.

The only question is whether the arbitrator may hear class-wide and collective action claims. Defendants bring this issue to the Court, rather than the arbitrator, because it presents a gateway issue of whether these claims may properly be part of the arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 398 (6th Cir. 2014).

In *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U. S. 662 (2010), the United States Supreme Court held that arbitration on a class-wide basis could not be compelled where the agreement was silent on the issue. Because of the nature of arbitration, there must be some contractual basis for requiring class arbitration. *Stolt-Nielsen,* 559 U. S., at 684. Silence is not an agreement.

"[A]rbitration 'is a matter of consent, not coercion.'" *Id.* at 664. [citing *Volt Information Sciences v. Board of Trustees*, 489 U.S. 468, 479 (1989)]. The question is whether there is an agreement. "[A] party may not be compelled under the FAA to submit to class arbitration unless these is a contractual basis for concluding the party *agreed* to do so." (emphasis in original). *Id.* Mere silence is not sufficient to infer consent. *See also Huffman v. Hilltop Cos*., LLC, 747 F.3d at 398.

*Lamps Plus, Inc. v. Varela*, 138 S.Ct. 1407 (2019) further expounds on the importance of an express agreement. In that case, an employer sought to compel arbitration on an individual basis rather than as a class. The District Court compelled arbitration on a class-wide basis. The employer appealed, and the Court of Appeals for the Ninth Circuit affirmed the District Court's ruling, holding that any ambiguity be construed against the drafter, resulting in a conclusion that the agreement included consent to arbitrate class claims. 138 S.Ct. at 1413.

The Supreme Court reversed the Ninth Circuit, first noting that arbitration agreements must be enforced "'according to their terms.'" [citations omitted]. 138 S.Ct. at 1415. "'The first principle

that underscores all of arbitration decisions' is that '[a]rbitration is strictly a matter of consent..'" [citation omitted] *Id*. "Consent is essential … because arbitrators wield only the authority they are given." *Id*.

The Court explained the "'fundamental' difference between class arbitration and the individualized form of arbitration envisioned by the FAA." [citations omitted]. *Id*. at 1416. The Court recognized that class arbitration runs counter to the benefits of arbitration—lower costs, efficiency and speed and specialized adjudicators. It is "more likely to generate a procedural morass than final judgment." (internal quotation marks omitted). *Id.* The Court reiterated that "courts may not infer consent to participate in class arbitration absent an affirmative 'contractual basis for concluding that the party agreed to do so.'" *Id*. at 1416 (quoting *Stolt-Nielsen*, 559 U.S. at 684). The Court concluded that, absent an express agreement to arbitrate on a class basis, such claims must be handled as individual claims:

> Our reasoning in *Stolt-Nielsen* controls the question we face today. Like silence, ambiguity does not provide a sufficient basis to conclude that parties to an arbitration agreement agreed to "sacrifice[ ] the principal advantage of arbitration." *Concepcion,* 563 U. S., at 348, 131 S. Ct. 1740, 179 L. Ed. 2d 742.
>
> This conclusion aligns with our refusal to infer consent when it comes to other fundamental arbitration questions. For example, we presume that parties have *not* authorized arbitrators to resolve certain "gateway" questions, such as "whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Financial Corp. v. Bazzle,* 539 U. S. 444, 452, 123 S. Ct. 2402, 156 L. Ed. 2d 414 (2003) (plurality opinion). Although parties are free to authorize arbitrators to resolve such questions, we will not conclude that they have done so based on "silence *or* ambiguity" in their agreement, because "doing so might too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide." *First Options, 514 U. S., at 945, 115 S. Ct. 1920, 131 L. Ed. 2d 985* (emphasis added); see also *Howsam, 537 U. S., at 83-84, 123 S. Ct. 588, 154 L. Ed. 2d 491*. We relied on that same reasoning in *Stolt-Nielsen, 559 U. S., at 686-687,*

> *130 S. Ct. 1758, 176 L. Ed. 2d 605*, and it applies with equal force here. Neither silence nor ambiguity provides a sufficient basis for concluding that parties to an arbitration agreement agreed to undermine the central benefits of arbitration itself.

138 S.Ct. at 1416-1417.

Discovery is this case is complete. There is no proof that Defendants agreed to class-wide arbitration. Indeed, there was no such agreement. The Arbitration Order must be amended to specify that the Plaintiffs' claims must proceed on an individual basis, rather than as part of a class action.

### b. There Was No Agreement to Arbitrate a Collective Action; Therefore, the Federal Law Claims Must Be Arbitrated as Individual Claims.

By parity of reasoning, the collective action claims are also not subject to arbitration. Without consent, these claims cannot be arbitrated. There is no agreement at all to submit collective action claims to arbitration. The reasoning of *Stolt-Nielsen* and *Lamps Plus, Inc.* applies equally to these claims. Without an agreement, there can be no arbitration on a collective action basis.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this motion be granted and that the Court lift the stay to amend the Arbitration Order to require the Plaintiffs to arbitrate their claims on individual, rather than class-wide or collective basis.

/s/John M. Williams
John M. Williams
Melanie J. Kilpatrick
Williams Kilpatrick, PLLC
3151 Beaumont Centre Circle, Suite 375
Lexington, Kentucky 40513
Tel: (859) 245-1059
Fax: (850) 245-1231
williams@wktlaw.com
kilpatrick@wktlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 17th day of October, 2022. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

/s/John M. Williams
*Attorney for Defendants*