UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **TYLER HARRIS and PABLO MATA,** *on behalf of themselves and all others similarly situated*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **B&L DELIVERY LLC and BOB MAYNARD,** <br><br> **Defendants.** | CIVIL ACTION NO. 5:20-29-KKC <br><br><br> **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Motion to Lift Stay and Modify Agreed Order filed by Defendants B&L Delivery LLC and Bob Maynard. (DE 34.) For the following reasons, the Court denies the motion.

**I.   Background**

On January 28, 2020, Plaintiffs Tyler Harris and Pablo Mata filed this action against Defendants B&L Delivery ("B&L") and Bob Maynard, asserting individual, class action, and collective action claims. (DE 1.) Plaintiffs are former employees of B&L, and Maynard owns B&L. (*Id.* ¶ 1.) Plaintiffs seek to recover unpaid wages because Defendants allegedly required them to work "off the clock" without compensation, failed to compensate them for overtime hours worked, and docked their hours for meal breaks regardless of whether they actually took the breaks. (*Id.* ¶¶ 2-3, 19, 30.) Accordingly, Plaintiffs bring claims for violations of the Fair Labor Standards Act (29 U.S.C. § 207) and the Kentucky Wages and Hours Act (KRS §§ 337.285, 337.060). (*See id.* ¶¶ 51-83.)

1

On March 26, 2020, Defendants raised an arbitration defense in their Answer to the Complaint, stating that "[t]he Complaint is barred, because the **Plaintiffs have agreed to arbitrate all the claims alleged in the Complaint**." (DE 8 ¶ 92 (emphasis added).) Defendants simultaneously filed a Motion to Compel Arbitration. (DE 9.) Defendants sought to compel arbitration because "**[a]ll these claims are subject to arbitration** under contracts signed by both Plaintiffs as a condition of their employment." (DE 9-1 at 1 (emphasis added).) In arguing that the claims were subject to arbitration under the Federal Arbitration Act (9 U.S.C. § 2), Defendants stated, "The final factor [of the analysis] is **whether some, but not all, of the claims are subject to arbitration** . . . **All of them** fall squarely within the bounds of the agreement." (*Id.* at 5 (emphasis added).) On April 14, 2020, the parties filed a Proposed Agreed Order to Compel Arbitration and Stay Court Proceedings, and the Court entered that order the next day. (DE 11; DE 12.) The Agreed Order provided:

> [T]he parties have agreed that **Plaintiffs' claims in this matter shall be referred to the alternative dispute resolution processes** set forth in each Plaintiff's Employee Acknowledgement of Handbook Receipt and Review with Defendants, **which requires Plaintiffs' employment-related claims, including those asserted in this case, to be resolved through binding arbitration** pursuant to the rules of the American Arbitration Association.

(*Id.* (emphasis added).) Accordingly, the Court stayed the proceedings pending arbitration.

The parties subsequently engaged in arbitration and regularly filed status reports with the Court about the arbitration. In the arbitration, Plaintiffs moved to conditionally certify a class action for their state law claims and a collective action for their federal claims. (DE 34-1 at 1.) On April 27, 2021, the Arbitrator granted Plaintiffs' motion. (*See* DE 34-2.) Discovery closed on September 30, 2022. (DE 34-1 at 2; DE 35 at 3.) On October 17, 2022, Defendants filed a Motion to Lift Stay and Modify Arbitration Order, nearly a year and a half after the Arbitrator granted Plaintiffs' motion seeking conditional certification. (DE 34.)

**For the first time**, Defendants contend that arbitration must only proceed on Plaintiffs' individual claims because the arbitration agreement does not compel arbitration of the class action and collective action claims. (DE 34-1 at 2.) Defendants request that the Court lift the current stay and amend the Agreed Order to require the arbitration of Plaintiffs' individual claims only, leaving the Court to resolve the class action and collective action claims. (*Id.* at 5.)

## II. Analysis

Before reaching the merits of Defendants' motion, the Court must address a threshold question: Have Defendants waived their argument that the Arbitrator may not resolve Plaintiffs' class action and collective action claims? More precisely, have Defendants waived their right to a judicial determination regarding the arbitrability of these claims and their right to object to the arbitration of the same?

As relevant here, parties may waive the issue of arbitrability. *Cleveland Elec. Illuminating Co. v. Util. Workers Union of Am.*, 440 F.3d 809, 813 (6th Cir. 2006) ("[A]lthough a court is usually the proper venue for decisions about arbitrability, if the parties 'clearly and unmistakably' submit the issue to the arbitrator 'without reservation,' then the parties have waived their right to have a court make the decision.").[1] "[A] party in arbitration who lodges no form of objection whatsoever is deemed to have acquiesced to the arbitrator's authority to

---

[1] *See also Jones Dairy Farm v. Loc. No. P-1236, United Food & Com. Workers Int'l Union*, 760 F.2d 173, 175-76 (7th Cir. 1985) ("If a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it."); *Sodexo Mgmt., Inc. v. Detroit Pub. Schs.*, 200 F. Supp. 3d 679, 689 (E.D. Mich. 2016) ("[I]n failing to object to . . . jurisdiction . . . and actively participating in that arbitration, [Defendants] have waived any argument regarding jurisdiction that they might have had."); *Wehr Constructors, Inc. v. Indiana/Kentucky Reg'l Council of Carpenters*, No. 3:08-MC-14-S, 2008 WL 5381911, at *4 (W.D. Ky. Dec. 18, 2008) ("[A]rbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration.") (citation and quotation marks omitted).

determine the arbitrability of the dispute." *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 485 F. App'x 821, 823 (6th Cir. 2012). A party may waive its right to object to arbitration by actively participating in arbitration proceedings and failing to timely object to the arbitration. *Detroit Newspaper Agency v. Newspaper Drivers & Handlers, Teamsters Loc. No. 372*, 45 F.3d 430 (Table), 1994 WL 714343, at *1 (6th Cir. 1994) ("One who fails to object promptly to procedural errors made at an arbitration hearing waives the right to later assert those errors."); *see also Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration.").

Based on the circumstances of this case, it is clear that Defendants have waived their right to have this Court decide the arbitrability of the class action and collective claims, and their right to object to the arbitration of these claims. Before now, Defendants never asked this Court to determine if the arbitration agreement encompasses class action or collective action claims. Indeed, the Court has not seen any indication that Defendants ever even submitted the issue of arbitrability to the Arbitrator, much less object to the Arbitrator's authority to determine that issue. At no point until the filing of this instant motion did Defendants object to the arbitration of the class action and collective action claims, in front of the Arbitrator or otherwise.

Defendants' waiver is apparent in their active participation in arbitration proceedings, including by engaging in (and completing) discovery and disputing Plaintiffs' motion for conditional certification. Tellingly, in their opposition to Plaintiffs' motion for conditional certification, Defendants <u>never</u> argued that the Arbitrator lacked the authority to decide the motion, to resolve the class action and collective action claims, or to certify those claims. (*See* DE 35-6.) Instead, Defendants only addressed the merits of the motion—i.e.,

4

whether conditional certification of Plaintiffs' class action and collective action claims was proper. (*Id.*) *Detroit Newspaper Agency* provides a helpful illustration. In that case, an employer addressed the merits of whether it violated a certain provision of its collective bargaining agreement with a union but failed to object that the particular issue was not properly before the arbitrator. 1994 WL 714343, at *1. By only addressing the merits of the issue, the Sixth Circuit found that the employer waived its right to argue that the arbitrator lacked authority to determine the issue. *Id.* Because Defendants here only addressed the merits of whether conditional certification was proper but failed to object that the issue was not one for the Arbitrator to decide, this Court also finds that Defendants waived their right to dispute the arbitration of the class action and collective action claims.

Moreover, Defendants failed to timely object to the arbitration of Plaintiffs' class action and collective action claims. Plaintiffs filed their lawsuit almost three years before Defendants raised this objection. The arbitration—which Defendants initiated—commenced two and a half years before Defendants filed this motion. Discovery was already closed for nearly a month. The Arbitrator issued the decision regarding conditional certification in April 2021, but Defendants did not object to the arbitration of the class action and collective action claims for another *year and a half*.

Defendants had ample opportunity to do so. In their initial submissions to the Court, Defendants never differentiated between Plaintiffs' individual claims and their class action and collective action claims in seeking arbitration. Defendants repeatedly stated that the parties must arbitrate "all claims" under the agreement. For example, in their Answer, Defendants stated that "the Plaintiffs have agreed to arbitrate **all the claims** alleged in the Complaint." (DE 8 ¶ 92 (emphasis added).) In their motion to compel, Defendants argued that "**[a]ll these claims** are subject to arbitration," and "**[a]ll of them** fall squarely within the bounds of the agreement." (DE 9-1 at 1, 5 (emphasis added).) The Agreed Order to

5

Compel Arbitration also provided that "**Plaintiffs' claims in this matter** shall be referred to" arbitration and that the arbitration agreement "requires **Plaintiffs' employment-related claims, including those asserted in this case**, to be resolved through binding arbitration." (DE 11; DE 12 (emphasis added).) Again, the Agreed Order does not contain any statement to suggest that the class action or the collective action claims are excluded from arbitration. Instead, Defendants raised their objections *after* the Arbitrator already ruled on the motion for conditional certification and *after* discovery already closed.

Because Defendants did not "[seek] an initial determination by a court" and "participated in the arbitration proceedings without contesting the arbitrator's authority to resolve the matter," they have waived their right to a judicial determination of arbitrability of the class action and collective action claims, and their right to object to the arbitration of those claims. *Crossville Med. Oncology,* 485 F. App'x at 823. Notably, Defendants have not cited any case law indicating that these rights can never be waived. Nor have Defendants argued that an arbitrator can never determine arbitrability or arbitrate these types of claims under any circumstances.

This makes good sense. The Court would be remiss to not address the troubling precedent it would create if it granted Defendants' motion. If parties could never waive the right to a judicial determination of arbitrability or the right to object to the arbitration of class action and collective action claims, parties could always come back before the Court to resolve those issues, even if they fully participated in the arbitration, made no objection to the authority of the arbitrator, and resolved the claims in arbitration. That defeats the entire purpose of arbitration, which is to "provide parties with a speedier and less costly alternative to litigation." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Under this precedent, parties could manipulate arbitration agreements to initiate arbitration but seek a different result before the Court if they first receive an unfavorable outcome. The Court cannot help

6

but conclude that Defendants' delayed motion is pure gamesmanship. Arbitration is not a forum for parties to test their legal theories. The Court cannot permit parties to initiate arbitration, develop their arguments during those proceedings, receive a final decision, and then come back to this Court if they are unhappy with the decision. This wastes the parties' time, the Arbitrator's time, and the Court's time. Fairness dictates that the Court deny Defendants' motion.

Therefore, the Court must deny Defendants' motion.

### III. Conclusion

The Court hereby ORDERS that Defendants' Motion to Lift Stay and Modify Agreed Order (DE 34) is DENIED.

This 23rd day of May 2023

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY